UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS BARRAGAN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BHATT, et al.,<br><br>　　　　　　　Defendants. | CV F- 03-6667 AWI DLB P<br><br>FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION |

　　　　Plaintiff is a proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Plaintiff filed the complaint on November 10, 2003, in the Northern District of California, at which time he was incarcerated at Corcoran State Prison. By order filed November 19, 2003, the action was transferred to this Fresno Division of the Eastern District of California. On December 24, 2003, plaintiff filed a change of address notice indicating that he now resides at a Mexico address. On January 20, 2004, the Court dismissed plaintiff's complaint for failure to state a claim. Plaintiff filed an amended complaint on February 25, 2004, which the court finds suffers from the same deficiencies. The court therefore recommends that this action be dismissed.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against the following individuals at Corcoran State Prison:  Dr. Bhatt, identified as Chief Physician and surgeon; Dr. Klarich, identified as the Chief Medical Officer; Drs. Hasadsri, Dang, and Parker, each identified as a "medical practicioner"; and Warden Scribner. Plaintiff alleges that he has had pain in his lower jaw since 1996, and his condition was diagnosed as TMJ. Plaintiff's pain has continued. He has been unable to open his jaw and has trouble chewing solid food. While at Corcoran State Prison, plaintiff has requested treatment by a specialist, a dental appliance, and surgery. Plaintiff alleges that his requests were "met with indifference by 'CSP' medical staff." Plaintiff alleges that he was treated several times by the defendant-doctors, including Drs. Bhatt, Dang, Hasadsri, Dang, and Parker. Plaintiff also alleges that he was treated by Dr. Than, who is not named as a defendant to the action. Plaintiff was treated by Dr. Star at the state prison in Delano, who gave him a "mouth splint." At Corcoran, plaintiff was seen by Dr. Parker on November 4 and 20, 2002, at which time he requested muscle relaxants, a soft diet, a resource supplement, and another referral to a specialist. Dr. Parker denied plaintiff's requests. On July 9, 2003, plaintiff was referred to Dr. Star again, who gave him another mouth splint and prescribed a resource supplement. Plaintiff has experienced weight loss, pain, loss of normal use of his jaw. Plaintiff complains that he has not received proper medical attention.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves

an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In the instant case, plaintiff claims that the treatment he has received has been inadequate and that he disagrees with the treatment that has been rendered. This is insufficient to state a claim. Plaintiff alleges that he has been treated several times by the defendant-doctors. Plaintiff has failed to allege that defendants knew of and disregarded a serious risk to plaintiff's health. Rather, the doctors rendered treatment, though plaintiff considers the treatment insufficient.

With respect to Warden Scribner, Chief Physician Dr. Bhatt, and Chief Medical Officer Dr. Klarich, plaintiff fails to state a claim for supervisory liability. Supervisory personnel are

1 generally not liable under section 1983 for the actions of their employees under a theory of
2 respondeat superior and, therefore, when a named defendant holds a supervisorial position, the
3 causal link between him and the claimed constitutional violation must be specifically alleged.  See
4 Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
5 1978), cert. denied, 442 U.S. 941 (1979).  To show a prima facie case of supervisory liability,
6 plaintiff must allege facts indicating that supervisory defendants either: personally participated in the
7 alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them;
8 or promulgated or implemented a policy "'so deficient that the policy itself "is a repudiation of
9 constitutional rights" and is "the moving force of the constitutional violation."'"  Hansen v. Black,
10 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  As discussed
11 above, plaintiff has not alleged facts to indicate an underlying violation of his constitutional rights,
12 therefore, there can be no claim of supervisory liability against defendants.

13        In summary, the Court finds that plaintiff's amended complaint, as his original complaint
14 fails to state any cognizable claims for relief against the named defendants and therefore must be
15 dismissed in its entirety.  The Court does not recommend that leave to amend be granted in that
16 plaintiff has already been given the opportunity to do so and was unable to cure the deficiencies
17 outlined in the prior order.

18        Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed in its
19 entirely for failure to state a claim upon which relief may be granted.

20        These Findings and Recommendations will be submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
22 days after being served with these Findings and Recommendations, plaintiff may file written
23 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
24 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
25 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
26 1153 (9th Cir. 1991).

27
28

IT IS SO ORDERED.

Dated:  January 8, 2007                  /s/ Dennis L. Beck
3c0hj8                                   UNITED STATES MAGISTRATE JUDGE